George C. Paine, II
US Bankruptcy Judge
Dated: 06/18/10



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:  
FOXLAND HARBOR MARINA, LLC  )  Case No. 309-14911  
)  Chapter 11  
Debtor.  )  Judge George C. Paine, II

## MEMORANDUM

This matter came before the court on American Security Bank & Trust Company's ("ASBT") Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §§ 362(d)(2) and/or 362(d)(3). Foxland Harbor Marina ("FHM") opposed the motion arguing that a disclosure statement and plan had been filed, and the case was proceeding to confirmation. The court heard proof at the June 8, 2010 hearing, took the matter under advisement, and allowed the parties an additional week or so to file post-trial summaries. The court, now having considered all proof and post-trial filings, GRANTS IN PART AND DENIES IN PART ASBT's Motion for Relief from Stay as more specifically stated herein.

FHM is a Tennessee limited liability company formed in 2008 to develop, own and operate a marina and related facilities on Old Hickory Lake in Gallatin, Sumner County, Tennessee. The creation of the marina is planned in conjunction with the overall development of two larger projects called Fairvue Plantation and Foxland Plantation. Both include private homes of differing types, a country club, and golf courses. FHM acquired approximately 2.28 acres of real property to build the

marina in 2008 for $1.041,126.31.  FHM received a credit for the entire purchase price since the real property was transferred subject to debt secured by the 2.28 acres in the amount of $8,099,910.29, but the seller agreed to indemnify FHM with respect to any debt in excess of the purchase price.

Fairvue Club Properties, LLC is a Tennessee limited liability company created to acquire certain assets used in the operation of the private country club known as "The Club at Fairvue Plantation" and is a co-proponent of a joint plan of reorganization with FHM.  Foxland Club Properties, LLC is also a Tennessee limited liability company formed to acquire the private 18-hole golf course and related facilities which had previously been operated by the Club at Fairvue Plantation and is likewise a co-proponent of a joint plan of reorganization with FHM.  Finally, Blueridge Ventures, Inc. is a Tennessee corporation established in 1992 to acquire, develop, own and sell real estate.  The only property currently held by Blueridge are two lots in the "Foxland" development that were pledged by Blueridge to Wilson Bank & Trust to secure an indebtedness of ShoLodge, Inc.  Blueridge is also a co-proponent in the joint plan of reorganization with FHM.

In 2007, a trust for the benefit of Leon Moore[1] was conveyed a security interest in the asset now owned by FHM, the 2.28 acres. On January 6, 2006, Moore and ASBT entered into the Business Loan Agreement.  From January 6, 2006, through February 3, 2009, Moore and ASBT amended that agreement several times, both increasing the amount and collateralizing the loan. On January 22, 2008, Leon Moore and ASBT executed the Collateral Assignment of Deed of Trust, Assignment of Leases, and Security Agreement wherein Moore assigned his interest in the Deed

---

[1] Mr. Moore was characterized in testimony as the "visionary" of the overall development of the Fairvue and Foxland projects.

of Trust (now FHM's acreage) to ASBT to secure a prior iteration of the Note.

ASBT declared a default on the Note and accelerated the debt owed by Moore, and the FHM property subject to the Deed of Trust was scheduled for sale. To stop the sale, FHM filed its voluntary chapter 11 petition on December 31, 2010. Shortly thereafter, a state court entered an order finding that Moore had defaulted on the Note secured by the subject Deed of Trust, and the Court entered judgment in favor of ASBT in the amount of $3,671,412.44.

ASBT, now seeks to exercise its rights under the Collateral Assignment and Deed of Trust and sell the property encumbered by the Deed of Trust in furtherance of satisfying the debt owed it. ASBT filed a motion for relief from the stay arguing that stay relief should be granted because there is no equity in the property and it is not necessary for an effective reorganization pursuant to 11 U.S.C. § 362(d)(2); and that the debtor failed to file a plan of reorganization within the time required for single-asset real estate cases pursuant to 11 U.S.C. § 362(d)(3). FHM opposes the relief sought because a joint plan of reorganization has been filed by FHM, Foxland, Fairvue, and Blueridge that contemplates joint operation of Fairvue and Foxland with the proposed marina being an integral part of the joint operation. The debtor contends no grounds exist pursuant to § 362(d)(3) because the Joint Plan of Reorganization has a reasonable possibility of being confirmed in a reasonable amount of time.

> Section 362(d)(2) provides in relevant part:
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … such as by terminating, annulling, modifying, or conditioning [the] stay … with respect to a stay of an act against property …, if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective

reorganization.

Relief requires a showing of both elements. ASBT has the burden of proof as to lack of equity. The Debtor has the burden of proof as to all other issues. **See § 362(g).** Assuming for purposes of this hearing that ASBT carried its burden showing lack of equity, FHM must show the property is necessary from an effective reorganization. Establishing that property is "necessary to an effective reorganization" "requires [ ] not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means ... that there must be a reasonable possibility of a successful reorganization with a reasonable time." **United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.**, 484 U.S. 365, 375-76, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) (citations and internal quotation marks omitted). The court finds that FHM has met that burden.

FHM introduced the testimony of Chris Wicke, President of FHM to show necessity. Mr Wicke explained that Leon Moore was the overall visionary of the Fairvue Plantation concept. The different, yet related entities, are all part and parcel of the vision that Leon Moore began and continues to have for the development of Fairvue Plantation, and Foxland Plantation. FHM is the small, yet, according to Mr. Wicke's testimony, crucial lynchpin that helps to bind the overall vision together. More specifically, FHM has proposed a joint plan of reorganization with the other entities that contemplates use of FHM's acreage as a marina and ferry point between Fairvue and Foxland. The land is located in a cove between the Fairvue Club course and Foxland golf course. Mr. Wicke testified that FHM has applied to the U.S. Army Corp of Engineers for a license to operate a marina on the property which is pending. Once granted, Mr. Wicke testified that FHM will begin

construction on Phase I (of IV) of the marina.  Upon completion of Phase I, the previously undeveloped land will become operational and income-producing.  The debtor contends that the inclusion of the FHM plan to develop the marina is an important part of the overall joint operation of the reorganized debtor.

The court finds that the debtor survives ASBT's challenge by showing that the property is vital to the reorganization of this debtor, and that confirmation of the joint plan is a reasonable likelihood that can occur within a reasonable time. Accordingly the court DENIES ASBT's Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(2).[2]

ASBT also contends that the automatic stay should be lifted under 11 U.S..C. § 362(d)(3).  Section 362(d)(3) provides relief from the automatic stay to creditors with an interest in single asset real estate.  Section 362(d)(3) provides in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... by terminating, annulling, modifying, or conditioning such stay-
>
> > (3) with respect to a stay of an act against single asset real estate ... by a creditor ... unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period)-
> >
> > > (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

---

[2] ASBT's post-trial brief also attempts to assert "cause" as a grounds for stay relief arguing that FHM is being operated for the benefit of Leon Moore who is not an officer or owner of FHM.  The court finds this argument unpersuasive.  ASBT has been a party to the shuffling of assets between the different Moore entities for years and required Moore to collateralize his loans with ASBT with the awareness of the business and financial realities of the transactions.

> (B) the debtor has commenced monthly payments to each creditor whose claim is secured by such real estate ..., which payments are in an amount equal to interest at a current fair market rate on the value of the creditor's interest in the real estate.

11 U.S.C. § 362(d)(3)(A) and (B). Specifically, ASBT argues that because the debtor did not file the joint plan of reorganization within ninety (90) days of the filing of the petition, the court should grant stay relief to allow ASBT to proceed against its collateral. Accordingly, FHM must either file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or make monthly payments in an amount equal to interest at current fair market rate on the value of ASBT's interest within 90 days after the entry of the order for relief.

FHM concedes that the joint plan of reorganization was not filed within ninety days, but asks the court to condition the stay on confirmation within a reasonable time based on FHM's progress in the case to date. The court finds that conditioning the stay on confirmation by a date certain will protect by ASBT's interest and allow the debtor to proceed to confirmation. Many of ASBT's allegations supporting stay relief might also be confirmation issues, and the court would rather allow the debtor's plan to proceed to confirmation to test any remaining issues at that time.

The court therefore, GRANTS IN PART, ASBT's motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(3). The court conditions continuation of the automatic stay upon FHM's confirmation of a plan by September 14, 2010. Failure to obtain confirmation before this date will result in immediate relief from the

automatic stay for ASBT.[3]  The court instructs counsel for ASBT to prepare an order not inconsistent with this court's decision within fourteen (14) days of entry of this Memorandum.

---

[3]The Disclosure Statement Hearing on the Joint Plan of Reorganization was scheduled fro June 22, 2010.  The court continued this matter due to an unforseen medical situation that requires all court matters to be continued until July 6.  The court will not penalize the debtor, who timely set the disclosure statement hearing, by setting a tight confirmation schedule when it was the court that had to continue the disclosure statement hearing.  The September 14, 2010 date is a fair accommodation for all parties.

This Order has Been electronically signed.  The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.